| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (For Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> Jonathan B. Heflin <br> 485 Boston Post Road <br> Madison, CT 06443 | **DEFENDANTS** <br> Santander Consumer USA, Inc. <br> P O Box 562088, Suite 900-N <br> Dallas, TX 75247 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Ronald J. Piombino CT15364 <br> Burdick & Piombino, LLC <br> 63 Wall Street <br> Madison, CT 06443 <br> 203-318-1900 Fax: 203-318-1904 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> [X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin <br> [ ] Creditor  [ ] Other <br> [ ] Trustee | **PARTY** (Check One Box Only) <br> [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin <br> [X] Creditor  [ ] Other <br> [ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Creditor in violation of the automatic stay 11 U.S.C. Sections 362, 362(k)(1), 28 U.S.C. Section 1334

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[2] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 20,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Jonathan B. Heflin ||| BANKRUPTCY CASE NO.<br>09-31574 |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Connecticut | DIVISION OFFICE<br>New HAven || NAME OF JUDGE<br>Weil |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ronald J. Piombino<br>Ronald J. Piombino 405883 ||||
| DATE<br>3-26-2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ronald J. Piombino 405883 |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE:  JONATHAN B. HEFLIN | ) | CHAPTER 7 |
| | ) | |
| DEBTOR | ) | CASE NO.: 09-31574 |
| | ) | |
| JONATHAN B. HEFLIN | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC. | ) | |
| DEFENDANT | ) | MARCH 26, 2009 |

### MOTION SEEKING RELIEF FOR VIOLATION OF AUTOMATIC STAY

1. On June 12, 2009, the Plaintiff/Debtor commenced a voluntary case under Chapter 7 of the United States Bankruptcy Code, by filing a petition which has been assigned Case No. 09-31574 in this Court.

2. This Court has jurisdiction to hear this matter under 28 U.S.C., § 1334 and 11 U.S.C. §362(k)(1). This proceeding is a core proceeding.

3. The Defendant was named in Schedule D of the Petition as a secured creditor as a result of an installment loan contract between the Debtor and the Defendant secured by a 2006 Dodge Dakota truck VIN 1D7HW48N26S561439,

4. On or about March 23, 2010, the Defendant, acting through its agents and employees repossessed the truck from the Plaintiff's premises without first obtaining relief from the automatic stay provisions of 11 U.S.C. §362, dispossessing the Plaintiffs from possession of the property.

5. The Plaintiff had indicated his intent to retain and reaffirm the debt pursuant to 11 U.S.C. §521(a)(2)(b).

6. The Defendant claims the stay terminated as a result of the Plaintiff's failure to take timely action under the statement filed pursuant §521(a)(2) in accordance with the provisions of 11 U.S.C. §362(h)(2)(B).

7. Section 362(h)(2)(B) provides a the stay provisions of §362(a) are terminated if a debtor fails "to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to affirm such debt on the original

8. The Defendant did not prepare and tender a reaffirmation agreement in accordance with the Plaintiff's request to reaffirm the debt. Failure to prepare such an agreement constitutes a refusal to agree to a reaffirmation under the terms of the original agreement.

9. Furthermore, the Defendant in a letter dated February 23, 2010 addressed to counsel for the Plaintiff indicated if the Defendant failed to pay the past due balance within 10 days of the date of the letter "a Motion to Lift the Stay will be filed with the court." Instead of seeking relief from the stay as represented in the letter the Defendant repossessed said vehicle. The Defendant falsely misrepresented its intentions with regards to seeking relief from the stay and the Plaintiff reasonably relied upon said statement to his detriment.

WHEREFORE, Plaintiff/Debtor JONATHAN B. HEFLIN prays that this Court enter an Order:

a. Awarding the Plaintiff actual damages, costs, attorney's fees and punitive damages pursuant to 11 U.S.C. 362(k)(1);

b. An order that the Defendant return the vehicle to the Plaintiff and an order imposing a stay on the Defendant from repossessing said vehicle.

> PLAINTIFF
> JONATHAN B. HEFLIN
>
> By: /s/ Ronald J. Piombino
> Ronald J. Piombino, Esq., (ct 15364)
> BURDICK & PIOMBINO, LLC
> 63 Wall Street
> Madison, CT 06443
> Telephone: (203) 318-1900
> Email: burdickpiombino@sbcglobal.net
> Attorney for Plaintiff/Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE:  JONATHAN B. HEFLIN | ) | CHAPTER 7 |
| | ) | |
| DEBTOR | ) | CASE NO.: 09-31574 |
| | ) | |
| JONATHAN B. HEFLIN | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC. | ) | |
| DEFENDANT | ) | MARCH 26, 2009 |

**PROPOSED ORDER**

The above Motion Seeking Relief for Violation of Automatic Stay having been heard, it is hereby Ordered:

By the Court

_____
Judge

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | | |
|---|---|---|
| IN RE:  JONATHAN B. HEFLIN | ) | CHAPTER 7 |
| | ) | |
| DEBTOR | ) | CASE NO.: 09-31574 |
| | ) | |
| JONATHAN B. HEFLIN | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC. | ) | |
| DEFENDANT | ) | MARCH 26, 2009 |

**CERTIFICATION**

This is to certify that a copy of the Complaint was filed electronically and the following parties were served a copy of the foregoing through Notice of Electronic Filing and U.S. Mail:

Roberta Napolitano, Trustee, rnapolitano@wwinslaw.com
U.S. Trustee, USTPRegion02.NH.ECF@USDOJ.GOV

Santander Consumer USA, Inc.
Sovereign Bank
P O Box 562088
Suite 900-N
Dallas, TX  75247

                                                    /s/ Ronald J. Piombino
                                                    Ronald J. Piombino