UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 09-31574 (LMW) |
| | ) | | |
| JONATHAN B. HEFLIN, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | | |
| | | | |
| JONATHAN B. HEFLIN, | ) | ADV. PRO. NO. | 10-3026 |
| | ) | | |
| PLAINTIFF | ) | ECF NO. | 1 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| SANTANDER CONSUMER USA, INC. | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

**APPEARANCES**

Ronald J. Piombino, Esq.                                    Attorney for the Debtor/Plaintiff
Burdick & Piombino, LLC
63 Wall Street
Madison, CT  06443

Keith K. Fuller, Esq.                                       Attorney for the Defendant Santander
Law Offices of Keith K. Fuller                              Consumer USA, Inc.
141 Hazard Avenue
Enfield, CT  06082

**MEMORANDUM OF DECISION RE:**
**COMPLAINT FOR DAMAGES PURSUANT TO 11 U.S.C. § 362(k)**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

The matter before the court is the above-referenced debtor's (the "Debtor") Motion [sic] Seeking Relief for Violation of Automatic Stay (ECF No. 1, the "Complaint").[1] The court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of the District Court (Daly, J.).[2] This memorandum constitutes the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## I. FACTS

### A. Stipulated Facts

The Debtor and Santander Consumer USA, Inc. (together with its predecessor(s) in interest, "Santander") have stipulated to the following facts. At all times relevant hereto, Santander had a first lien position on the Debtor's 2006 Dodge Dakota truck (the "Truck"), pursuant to a purchase money loan (the "Loan"). The Debtor's monthly payments on the Truck were $498.50. As of February 23, 2010, the Debtor was in arrears on the Loan in the amount of $1,582.00. (*See* ECF No. 28 at 1.)

Santander sent a Notice of Default (the "Letter") with respect to the Loan to the Debtor's attorney on February 23, 2010. The Debtor did not bring the Loan current after receipt of the Letter. Santander did not file a Motion for Relief from Stay with respect to the Truck anytime after February 23, 2010. Santander repossessed the Truck on March 23, 2010. The Debtor had personal

---

[1] References herein to the docket of this adversary proceeding appear in the following form: "ECF No. __." References herein to the docket of the above-referenced chapter 7 case appear in the following form: "Case ECF No. __."

[2] That order referred to the "Bankruptcy Judges for this District" "all cases under Title 11, U.S.C., and all proceedings arising under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C. . . . ."

property (the "Personal Property") in the Truck at the time it was repossessed. (*See* ECF No. 28 at 1.)

Santander sent a Notice of Sale to the Debtor on March 23, 2010. Santander sold the Truck in satisfaction[3] of the Loan sometime subsequent to March 23, 2010. The Debtor indicated an intent to reaffirm the debt in his Statement of Intention (*see* Debtor Exh. A, the "Statement of Intention"). Neither party sent the other a proposed reaffirmation agreement at any time relevant hereto. The Debtor did not redeem or surrender the Truck. (*See* ECF No. 28 at 1-2.)

### B.    Other Facts

The petition (Case ECF No. 1, the "Petition") was filed on June 12, 2009. The Loan was not in payment default as of the filing of the Petition. (*See* ECF No. 29 at 14:3-9 (Debtor's testimony).) In fact, as of the filing of the Petition, there was a credit (the "Credit") in the Debtor's favor in respect of the Loan in the neighborhood of about $2,000.00. (*See id.* at 36:3-12, 37:3-6 (remarks of Santander's counsel).) The record does not explain how the Credit arose. The Debtor did not list the Credit as an asset in his bankruptcy schedules. (*See* Case ECF Nos. 1, 115.)

The Statement of Intention did not specify the terms upon which the Debtor proposed to reaffirm the Loan obligation. (*See* Debtor Exh. A.) The Debtor made no postpetition payments on the Loan but, rather, relied upon the Credit until it was exhausted by Santander's charges against it in respect of subsequent monthly Loan payments.[4] (*See* ECF No. 29 at 35:22–36:16 (remarks of Santander's counsel).) The Debtor and Santander did not communicate with each other respecting

---

[3]    The record does not disclose whether such "satisfaction" was a full or partial satisfaction.

[4]    Neither party questions the propriety of the foregoing course of conduct and neither will the court.

reaffirmation of the Loan obligation. (*See* ECF No. 29 at 8:11-14 (Debtor's testimony); *id.* at 18:8-17 (statement of Debtor's counsel).) Santander did not take action with respect to the Truck until issuance of the Letter because Santander believed that it had no state-law right to repossess the Truck until charges for postpetition Loan payments had exhausted the Credit. (*See id.* at 36:22–37:2 (statement of Santander's counsel).)[5]

The Letter (addressed to the Debtor's counsel apparently from Santander "in house") provided in relevant part as follows:

> Let this serve as notice that your client has defaulted on their [sic] direct payments regarding the above referenced account. If the entire past due balance of 1582.00 is not received within 10 days from the date of this letter a Motion to Lift Stay will be filed with the court.

(Debtor Exh. B.) At the Trial (as hereafter defined), the Debtor testified as to his reaction to the Letter and his resulting alleged damages. (*See* ECF No. 29 at 9:1– 12:24 (Debtor's testimony).)

The notice to creditors issued in this chapter 7 case directed creditors not to file proofs of claim unless subsequently directed to do so. (*See* Case ECF Nos. 8, 9.) Upon the request of the chapter 7 trustee (the "Trustee"), the Clerk's Office gave such direction by notice (the "Notice") dated December 29, 2009. (*See* Case ECF Nos. 31, 32, 36.) The Notice required that proof of claims be filed on or before March 29, 2000 (the "Bar Date"). (*See* Case ECF No. 32.) Santander did not file a proof of claim with respect to the Loan in this case either before or after the Bar Date. (*See* Case Claims Register.) Discharge has not entered yet in this chapter 7 case. (*See* Case Docket.)

---

[5] A creditor's rights under 11 U.S.C. § 362(h) and a creditor's inability to repossess collateral when the debtor is not in payment default are two different issues. *Cf. In re Visnicky,* 401 B.R. 61 (Bankr. D.R.I. 2009 (termination of stay pursuant to Section 521(a)(6) did not automatically mean that the secured creditor was entitled to repossess the collateral).

- 4 -

II.    **THE COMPLAINT AND ANSWER**

The Complaint was filed by the Debtor on March 30, 2010.  (*See* ECF No. 1.)  The Complaint alleges that Santander committed a willful violation of the automatic stay when it repossessed the Truck without first obtaining relief from stay.  The Complaint admits that Santander claims that the stay terminated because the Debtor failed to comply with the Timely Action Clause (as hereafter defined) of 11 U.S.C. § 362(h)(1)(B).  However, the Complaint alleges that the Debtor complied with its duties under the Unless Clause (as hereafter defined) of 11 U.S.C. § 362(h)(1)(B) and Santander "refuse[d]" to agree to reaffirmation of the Loan debt on the original contract terms within the purview of Section 362(h)(1)(B).  Accordingly, the Complaint alleges, the automatic stay did not terminate pursuant to Section 362(h)(1)(B).  The Complaint also asserts the Letter as an equitable estoppel because Santander allegedly "falsely misrepresented its intentions with regards to seeking relief from the stay and the . . . [Debtor] reasonably relied upon said statement to his detriment," (ECF No. 1 ¶ 9).  The Complaint seeks actual damages, costs, attorney's fees, punitive damages and return of the Truck.[6]

Santander filed its answer to the Complaint on October 25, 2010.  (*See* ECF No. 18, the "Answer".)  The Answer alleges that the automatic stay terminated with respect to the Truck prior to Santander's repossession because the Debtor failed to comply with its obligations under the Timely Action Clause and failed to satisfy the Unless Clause.  The Answer also raises 11 U.S.C. § 521(a)(6) as an affirmative defense.  The Answer set forth certain other affirmative defenses.  (*See* ECF No. 18.)  The court does not find it necessary to reach or otherwise discuss those other affirmative defenses herein.

---

[6]    The Debtor has not pursued his demand for return of the Truck.

- 5 -

A trial (the "Trial") on the Complaint was held on March 14, 2011. The Debtor testified at the Trial and introduced documentary evidence into the record. References to such exhibits herein are in the following form: "Debtor Exh. __." No witnesses testified for Santander and Santander introduced no documentary evidence into the record. A transcript of the Trial appears in the record as ECF No. 29. The parties elected not to file briefs in this proceeding but, rather, rested on their respective oral arguments made at the conclusion of the Trial. The court has considered the arguments of counsel and the entire record of this case and adversary proceeding and the matter now is ripe for decision.

### III. APPLICABLE LAW

#### A. 11 U.S.C. § 362(a)

Bankruptcy Code § 362(a) provides in relevant part as follows:

[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of–

. . .

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [and]

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C.A. § 362(a) (West 2011).

#### B. 11 U.S.C. § 521

Bankruptcy Code § 521 provides in relevant part as follows:

(a) The debtor shall–

. . .

   (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate–

- 6 -

    (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

    (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

    (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

. . .

 (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either–

    (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or

    (B) redeems such property from the security interest pursuant to section 722
. . . .

If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.

. . .

>(d) If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362(h), with respect to property which a lessor or bailor owns and has leased, rented, or bailed to the debtor or as to which a creditor holds a security interest not otherwise voidable under section 522(f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

11 U.S.C.A. § 521 (West 2011). "Courts that have interpreted section 521(a)(6) have focused on the meaning and effect of 'allowed claim' and 'purchase price' and have reached different conclusions regarding their meaning." *Dumont v. Ford Motor Credit Co. (In re Dumont),* 383 B.R. 481, 487 (BAP 9th Cir. 2008), *aff'd,* 581 F.3d 1104 (9th Cir. 2009) (footnotes omitted).

### C.      11 U.S.C. § 362(h)

Bankruptcy Code § 362(h)[7] provides in relevant part:

>(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)–
>
>>(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>>
>>(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action [the "Timely Action Clause"], unless such statement specifies the debtor's intention to reaffirm such debt on the

---

[7]      Current Section 362(h) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

> original contract terms and the creditor refuses to agree to the reaffirmation on such terms [the "Unless Clause"].
>
> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C.A. § 362(h) (West 2011).[8]

The Unless Clause itself has two separate requirements: The first requirement is that the Statement of Intention "specif[y] the debtor's intention to reaffirm such debt on the original contract terms" (11 U.S.C. § 362(h)(1)(B), the "Specificity Requirement"). The second requirement is that "the creditor refuse[d] to agree to the reaffirmation on such terms (*id.,* the "Refusal Requirement"). Both the Specificity Requirement and the Refusal Requirement must be satisfied for the Unless Clause to be satisfied.

If the Timely Action Clause is satisfied, the automatic stay remains in place. *See* 11 U.S.C. § 362(h)(1)(B). Even if the Timely Action Clause is not satisfied, the automatic stay remains in place if the Unless Clause is satisfied. *See id.* The Creditor has the burden of proof by a preponderance of the evidence with respect to the debtor's failure to satisfy the Timely Action Clause. *See Speth v. 21st Mortg. Corp. (In re Nulick),* No. 08-5257, 2010 WL 5114734 (Bankr. D. Kan. Dec. 8, 2010). However, if the creditor successfully carries its burden that the debtor failed to satisfy the Timely Action Clause, then the burden of proof passes back to the debtor to prove

---

[8] The Trustee took no such action in this case. For purposes of simplicity, the court treats Sections 362(h) and 521(a) as applying only to proposed reaffirmations (rather than also applying to proposed surrenders and redemptions).

satisfaction of the Unless Clause. *Cf., e.g., Hill v. Smith,* 260 U.S. 592, 595 (1923) (burden of proof in "exception to an exception" context; decided in dischargeability context); *Jodoin v. Samayoa (In re Jodoin),* 209 B.R. 132 (BAP 9th Cir. 1997) (same).

### D. 11 U.S.C. § 362(k)

Bankruptcy Code § 362(k) provides in relevant part as follows:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C.A. § 362(k) (West 2011).

> Section 362(k)
>
> does not impose damages for any violation of the automatic stay, but only those that are within its statutory definition, *i.e.,* "deliberate" actions that are "willful". §362(h);[9] *see also Crysen/Montenay Energy Co. v. Esselen Assoc., Inc.*, 902 F.2d 1098, 1105 (2d Cir. 1990); *Salem v. Paroli*, 260 B.R. 246, 257 (S.D.N.Y. 2001), *aff'd,* 79 Fed. Appx. 455, 456, 2003 WL 22440245 (2d Cir. 2003) (applying *Crysen, supra*, 902 F.2d at 1104) ("although we find that there was a violation of the automatic stay, we find neither willfulness nor malice in that action, and affirm [the] Judge['s] order [dismissing the adversary proceeding]"). Thus, the focus of this controversy is narrowed to whether, as *Crysen* holds, there was a "deliberate act taken . . . in violation of a stay, which [the creditor] kn[ew] to be in existence [that] justifies an award of actual damages". *Crysen, supra*, 902 F.2d at 1105.

*James v. Silver Ridge Condo. Ass'n, Inc. (In re James),* 367 B.R. 259, 262 (Bankr. D. Conn. 2007) (Shiff, J.) (fifth and sixth alteration added).

---

9   Subsection (h) of Section 362 was redesignated as subsection (k) by the BAPCPA.

If an individual is injured by a willful violation of the automatic stay, he is entitled to "actual damages, including costs and attorneys' fees, and, in appropriate circumstances . . . punitive damages," 11 U.S.C.A. § 362(k) (West ).

> When damages are sought under § 362 . . . [(k)] for violation of the automatic stay, the party seeking damages bears the burden of proof. *Lamar v. Mitsubishi Motors Credit of Am., Inc. (In re Lamar)*, 249 B.R. 822, 825 (Bankr. S.D. Ga. 2000) . . . . If the willful violation has a de minimis impact on the debtor, a court may limit damage awards under § 362 . . . [(k)] to reasonable attorney fees expended. *See In re Burrell* 1998 WL 411287 (Bankr. E.D. Va. 1998) at *6.
>
> Punitive damages are authorized under § 362 . . . [(k)], but only in "appropriate circumstances." . . . *In re Ketelsen,* 880 F.2d 990, 993 (8th Cir. 1989).

*Roche v. Pep Boys, Inc. (In re Roche),* 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005) (alterations added). The general rule is that a debtor must show that she has suffered actual damages in order to recover punitive damages. *See, e.g., In re Prusan,* No. 09-49716-CEC, 2010 WL 813778, at *3 (Bankr. E.D.N.Y. Mar. 2, 2010); *In re Pulver-Thomas,* No. 04-10835, 2005 WL 1595727, at *1 (Bankr. D. Vt. July 1, 2005).[10] However, if the violation manifested an arrogant defiance of federal law, courts have assessed punitive damages without regard to any harm suffered by the debtor at least under certain circumstances. *See In re Roche, supra* at 624 (so noting).

### E.    Equitable Estoppel

When a claim of equitable estoppel is made with respect to a federal statute, federal law principles of equitable estoppel apply. *See, e.g., Wall v. Constr. & Gen. Laborers' Union, Local*

---

[10]    Courts are in disagreement as to whether attorneys' fees incurred in prosecuting the Section 362(k) motion are included in "actual damages." *Compare Sternberg v. Johnston,* 595 F.3d 937 (9th Cir.), *cert. denied,* 131 S.Ct. 102, 180 (2010) (not included) *with In re Grine,* 439 B.R. 461 (Bankr. N.D. Ohio 2010) (included).

*230,* 224 F.3d 168, 175-76 (2d Cir. 2000). The United States Court of Appeals for the Second Circuit has articulated the following principles governing the federal law of equitable estoppel:

> The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir.1996). Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to her detriment. *See Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984) (citing *Restatement (Second) of Torts* § 894 (1979)); *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir.1995). Whether equitable estoppel applies in a given case is ultimately a question of fact. *Bennett v. United States Lines, Inc.*, 64 F.3d 62, 65 (2d Cir.1995).

*Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 725 (2d Cir. 2001). The burden of providing every element of an estoppel is upon the party seeking to set up the estoppel. *See Commissioner v. Union Pac. R.R. Co.,* 86 F.2d 637, 640 (2d Cir. 1936).

## IV.     ANALYSIS

### A.     Section 362(h)(1)

The Debtor argued at the Trial that the automatic stay applied to the Truck at the time Santander repossessed it because the Debtor had satisfied the Timely Action Clause. Alternatively, the Debtor argued that, even if the Timely Action Clause was not satisfied, the Automatic Stay continued to apply to the Truck because both the Specificity Requirement and the Refusal Requirement had been satisfied. As explained below, the court finds and/or concludes that the Debtor did not comply with either the Timely Action Clause or with the Specificity Requirement. (Accordingly, it is unnecessary for the court to reach the issue of the Refusal Requirement.) The Debtor's estoppel argument is considered separately below.

### 1.  **The Timely Action Clause**

It is undisputed that Santander repossessed the Truck without first obtaining relief from stay. That establishes a *prima facie* case of violation of the automatic stay and, as discussed above, shifts the burden of proof with respect to inapplicability of the automatic stay to Santander. Santander alleges that, as of the time it repossessed the Truck, the automatic stay did not apply to the Truck pursuant to Bankruptcy Code §§ 362(h)(1)(B) and/or 521(a)(6).

It is undisputed that neither party submitted a proposed reaffirmation agreement to the other. The Debtor asserts that it is the creditor's duty to prepare a proposed reaffirmation agreement and submit it to the debtor. There is some support for that proposition. *See Pacific Capital Bancorp. v. Schwass (In re Schwass),* 378 B.R. 859, 861 (Bankr. S.D. Cal. 2007) ("[I]t appears clear to the Court from a review of the requirements of § 524(c) and (k) that the responsibility for preparing the agreement falls on the secured creditor.").[11] Reasoning from the foregoing, the Debtor argues that, once a debtor satisfies Section 362(h)(1)(A) (the satisfaction of which is uncontested here), he satisfies the "Timely Action Clause" even if he takes no further action but simply waits for the secured creditor to forward (or at least propose) a reaffirmation agreement. For the reasons set forth below, the court rejects that position.

Section 521(a)(2)(A) requires the debtor timely to "file with the clerk a statement of his intention with respect to the retention or surrender of . . . [certain of his] property." Section 521(a)(2)(B) further requires the debtor timely to "perform his intention with respect to such property." Similarly, Section 362(h)(1)(A) requires the debtor "to file timely any statement of

---

[11]  Because it makes no difference to the result here, the court assumes (but does not decide) that the *Schwass* rule on that point is correct.

intention required under section 521(a)(2)." Section 362(h)(1)(B) further requires the debtor "to take timely the action specified in such statement." Taken together, all the foregoing statutory language requires the debtor to take at least *some* action beyond filing his Statement of Intention to satisfy the Timely Action Clause. Admittedly, no such action was taken here. Moreover, the court finds and/or concludes that the existence of the Credit and Santander's postpetition charges against it do not constitute the requisite action by the Debtor, at least on these facts.

Even if the secured creditor has the duty to prepare/propose the reaffirmation agreement (which the court assumes here but does not decide), that has no relation to satisfaction of the Timely Action Clause. *Accord In re Cowgill,* No. 08-60285, 2008 WL 4487669 (Bankr. N.D. Ohio Sept. 26, 2008).[12] Accordingly, unless the Debtor's estoppel argument changes the result, Santander has established that the Debtor has not satisfied the Timely Action Clause.[13]

### 2. **The Unless Clause**

A court has the duty "to give effect, if possible, to every . . . word of a statute . . . ." *United States v. Menasche,* 348 U.S. 528, 538-39 (1955) (internal quotation marks omitted). Accordingly, the word "specifies" has to have some function in Section 362(h)(1)(B). As noted above, the Statement of Intention did not, on its face, specifically propose to reaffirm the Loan obligation on its original contract terms, nor does the record disclose a timely amendment so doing. At the Trial, counsel for the Debtor argued that the form for the Statement of Intention does not readily adapt to the Specificity Requirement (*see* ECF No. 29 at 43:7-14 (statement of Debtor's counsel).) The short

---

[12] The court does not reach the issue of whether the secured creditor's failure to prepare/propose the reaffirmation agreement would satisfy the Refusal Requirement.

[13] Accordingly, it is unnecessary for the court to consider Santander's argument that only a debtor's entry into a relevant reaffirmation agreement satisfies the Timely Action Clause.

answer is that BAPCPA governs the forms; the forms do not govern BAPCPA. Moreover, a Statement of Intention complying with the Specificity Requirement can be prepared in conventional format and then "scanned" into "pdf" format and electronically filed with the court. Moreover, even if by no other means, the Specificity Requirement may be satisfied by a timely amendment to the Statement of Intention. *See Cowgill,* 2008 WL 4487669, at *4 ("Thus, in the absence of a filed reaffirmation agreement, a debtor can avoid the termination of the stay by amending the statement of intention to indicate his willingness [to reaffirm the debt on the original contract terms]."). Finally, even if the court were to assume that some timely action by the debtor could be deemed to be an informal amendment to his Statement of Intention sufficient to satisfy the Specificity Requirement (a question the court leaves for another day), the result here would not change. That is because the court finds and/or concludes that the Debtor's course of conduct here (including permitting Santander to make the postpetition charges against the Credit) was too ambiguous to be deemed to satisfy the Specificity Requirement even under that theory.

    **B**. **Section 521(a)(6)**

In light of the court's decision (subject to the equitable estoppel issue discussed below) for Santander on the Section 362(h)(1)(B) issue, it is unnecessary for the court to consider Santander's Section 521(a)(6) argument.

    **C.** **Equitable Estoppel**

With respect to "misrepresentation," Santander took action (*i.e.,* repossession without relief from stay) inconsistent with the Letter (which stated a present intent to seek relief from stay). That establishes a *prima facie* case that the Letter misrepresented Santander's present intention to seek relief from stay, shifting the burden of production on the issue to Santander. Santander presented

no evidence to establish why it did not file a motion for relief from stay.[14] Accordingly, the Debtor has proved the "misrepresentation" element of estoppel.

With respect to the Debtor's reliance, except with respect to the Personal Property the record does not support the Debtor. With respect to loss of use of the Truck, at the Trial counsel for the Debtor suggested that the Debtor would have asserted an "extrinsic" defense to any motion by Santander for relief from stay. (*See* ECF No. 29 at 42:17–43:3 (remarks of Debtor's counsel).) However, counsel did not elaborate and, in any event and as noted above, statements of counsel are not evidence. The Debtor also suggested some other possibly relevant items of damage (*i.e.,* taxes and insurance), but did not prove them up. (*See id.* at 11:24–12:1 (testimony of the Debtor).) However, it is a fair inference from the record that, had the Debtor known that the Truck was going to be repossessed without legal process, he would have removed the Personal Property from the Truck. Moreover, such reliance was reasonable under the circumstances and Santander had reason to anticipate that the Debtor would not clean the Truck out until relief from stay was granted. Accordingly, the Debtor has established both Santander's "reason to believe" and the Debtor's "reasonabl[e] reli[ance]." The Debtor's loss of the Personal Property satisfies the "detriment" requirement.[15]

---

[14] Santander's counsel suggested at the Trial that the Letter accurately represented Santander's then present intent but that Santander later changed its mind. (*See* ECF No. 29 at 39:4-10 (remarks of Santander's counsel).) However, statements of counsel are not evidence (unless they constitute an admission). *See, e.g., In re Anthem Communities/RGB, LLC,* 267 B.R. 867, 873 (Bankr. D. Colo. 2001) (citing cases).

[15] At the Trial, counsel for Santander suggested that the Debtor had failed to mitigate his damages as to the Personal Property. (*See* ECF No. 29 at 40:13–41:1 (remarks of Santander's counsel).) However, failure to mitigate is an affirmative defense on which Santander would bear the burden of pleading. *See Gutpa v. City of Norwalk,* No. 3:98CV2153 (AWT), 2007 WL 988692, at *4 n.1 (D. Conn. Mar. 31, 2007) ("Failure to mitigate damages is an affirmative defense and

At the Trial, the Debtor testified that the Personal Property had a value of "a few hundred dollars," (ECF No. 29 at 11:13-14) (Debtor's testimony). "A few" means at least more than one. (*See* The American Heritage College Dictionary 505 (3d ed. 1997) (defining "few" as "[b]eing more than one but indefinitely small in number.") Accordingly, the court finds that the Debtor suffered damages with respect to the Personal Property in the amount of $200.00.

### D.     Attorney's Fees as an Element of Damages/Punitive Damages

The Debtor has failed to prove up attorney's fees as an element of Section 362(k) "actual damages." Accordingly, even if the Debtor were otherwise entitled to that element of damages (an issue which the court reserves for another day), the Debtor has not proved such an entitlement here. Moreover, the court does not deem this to be a proper case for Section 362(k) punitive damages.

## V.    CONCLUSION

For the reasons set forth above, the court finds and/or concludes that the automatic stay had ceased to be applicable to the Truck prior to the time Santander repossessed it and that no violation of the stay occurred as a result of such repossession. The court also finds and/or concludes that the Debtor's estoppel claim is availing only with respect to the Personal Property. The court finds that the value of the Personal Property as of the date of Truck repossession was $200.00. Further, the court finds and/or concludes that the Debtor has failed to prove up attorney's fees as an element of damages and that an award of punitive damages is not appropriate here. Accordingly, judgment shall issue for the Debtor in the amount of $200.00. Counsel for the Debtor shall file and serve on

---

therefore must be pleaded." (internal quotation marks omitted)). The Answer did not plead failure to mitigate as an affirmative defense. Moreover, at the Trial Santander failed to produce any evidence to support its counsel's statements with respect to failure to mitigate.

counsel for Santander an itemized application for statutory costs on or before May 16, 2011.

Objection to such application, if any, must be filed on or before May 30, 2011.

    It is **SO ORDERED.**

Dated: May 2, 2011                           BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge